UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICARDO LEE AGUILAR, <br><br> Petitioner, <br><br> v. <br><br> JEFFREY UTTECHT, <br><br> Respondent. | No. CV-12-5172-RHW <br><br> **ORDER DENYING PETITIONER'S PETITION UNDER 28 U.S.C. § 2254 WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY** |

Before the Court is Petitioner's Petition under 28 U.S.C. § 2254 Writ of Habeas Corpus By a Person in State Custody, ECF No. 4. The motion was heard without oral argument.

In 2008, Petitioner plead guilty to Attempting to Elude a Pursuing Police, Vehicle, Possession with Intent to Deliver Cocaine While Armed with a Firearm, and Unlawful Possession of a Firearm First Degree in Walla Walla County. He was sentenced to 120 months incarceration on February 25, 2008. On December 19, 2012, Petitioner filed his Petition, alleging two claims: (1) violation of due process when the trial court failed to permit him to withdraw his guilty plea because he was not adequately informed of the consequences of the plea; and (2) ineffective assistance of counsel.

Respondent argues Petitioner's petition is barred by the one-year federal statute of limitation. It asserts the statute of limitations ran without interruption from April 1, 2010 until Petitioner filed his federal habeas petition on December 14, 2012, because Petitioner is not entitled to statutory tolling for any period of

**ORDER DENYING PETITIONER'S PETITION UNDER 28 U.S.C. § 2254 WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY** ~ 1

time that his untimely fourth and fifth collateral attacks were pending in the State courts and because Petitioner is not entitled to statutory tolling.

Here, the Court agrees that Petitioner's federal habeas petition is untimely. Petitioner's first collateral attack was no longer pending as of March 31, 2010, the date that the Washington Supreme Court denied his Petition for Review. The federal statute of limitations began running on April 1, 2010. Petitioner filed his federal habeas petition on December 14, 2012, the date that he asserts he placed his habeas petition in the prison mailing system, which is beyond the one-year federal statute of limitations.

Petitioner is not entitled to statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (holding that a state post-conviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). Petitioner's March, 2010 Motion to Withdraw Guilty Plea was denied as untimely and his December, 2011 Personal Restraint Petition was also denied as untimely. These post-conviction petitions do not statutorily toll the statute of limitations. Moreover, his Motion to Terminate Legal Financial Obligation and his Motion to Vacate Judgment and Re-sentence were filed and concluded entirely within the calendar year of 2009, and thus, do not toll the statute of limitations.

In order for Petitioner's federal claims to proceed, then, he must show that he is entitled to equitable tolling. His habeas petition makes no claim for equitable tolling. Nor has he filed a reply to Respondent's arguments.[1] Petitioner has the burden to show that he is entitled to equitable tolling. *Pace*, 544 U.S. at 418. A petitioner is entitled to equitable tolling only if he has been diligent, and extraordinary circumstances prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010).

---

[1] Petitioner did not file a reply, although the Court granted his motion to extend time to file his reply. *See* ECF No. 16.

**ORDER DENYING PETITIONER'S PETITION UNDER 28 U.S.C. § 2254 WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY ~ 2**

Here, Petitioner has not met his burden of showing that he is entitled to equitable tolling. No conduct by the Respondents or the State impeded Petitioner's ability to prepare and file his habeas petition in a prompt fashion. The record shows that Petitioner filed numerous state court collateral attacks, which demonstrates that Petitioner has no impediment to filing legal pleadings as he wished. No circumstances, such as a lack of clarity in the law or legal availability of his claims prevented him from filing his habeas petition in a prompt fashion. As such, his habeas petition is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(A).

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Petition under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody, ECF No. 4, is **DISMISSED, with prejudice**.

2. The Court **declines** to issue a Certificate of Appealability.[2]

///
///
///
///

---

[2] Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability (COA) may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that, to obtain a COA under § 2253(c), a habeas petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). After review of Petitioner's contentions herein, this Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a COA.

1 **IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order, furnish copies to Petitioner and counsel, and **close the file**.

**DATED** this 30th day of September, 2013.

       *s/Robert H. Whaley*

       ROBERT H. WHALEY
       United States District Judge

Q:\RHW\aCIVIL\2012\Aguilar\2254.wpd

**ORDER DENYING PETITIONER'S PETITION UNDER 28 U.S.C. § 2254 WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY ~ 4**